**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DARRYL WALKER, | * | |
| | * | |
| | * | Criminal Action No. 22-cr-456-PX |
| v. | * | Civil Action No. 24-cv-3235-PX |
| | * | |
| | * | |
| UNITED STATES OF AMERICA. | * | |
| | * | |
| | * | |
| | *** | |

**MEMORANDUM ORDER**

Pending is Petitioner Darryl Walker's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 53 & 53-1. The issues are fully briefed, and no hearing is necessary. *See* Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts *and* D. Md. Loc. R. 105.6. For the following reasons, the motion is DENIED.

On October 6, 2023, Walker pleaded guilty to an Information charging him with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C); Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a). ECF No. 33. At his change-of-plea hearing, Walker admitted under oath that he along with others had robbed a 7-11 ATM of $35,300; that he knowingly possessed four firearms and 404 rounds of ammunition alongside amphetamine, hydrocodone, and fentanyl transdermal patches, all of which were in his home; and that he possessed the firearms "in furtherance of his trafficking in controlled substances." ECF No. 34-1; ECF No. 57-1 at 37-41. Walker also agreed that he was satisfied with the representation of his defense counsel, and that after full and fair opportunity to consider proceeding to trial, he wished to plead guilty pursuant to his written plea agreement. ECF No. 57-1 at 35-36. Based on a full colloquy regarding the crimes committed, the

Court accepted Walker's guilty plea. *Id.* at 43-44. On December 21, 2023, the Court sentenced Walker to 72 months' imprisonment on the drug and robbery offenses (Counts 1 and 3) concurrent to each other; followed by a mandatory 60 months' imprisonment on the § 924(c) offense (Count 2) to run consecutively to the 72-month prison term, for an aggregate sentence of 132 months. ECF No. 49.

Now, Walker seeks to undo his guilty plea and sentence, principally arguing that his counsel had been ineffective in failing to "guide him through the process," and that no "evidence" demonstrated a connection between the firearms found in his residence and drug trafficking. ECF No. 53-1 at 3-4. Pursuant to 28 U.S.C. § 2255, a petitioner may move to vacate a conviction and sentence that is "imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The petitioner bears the burden of proving his entitlement to relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). A claim of ineffective assistance of counsel may be asserted for the first time in a § 2255 motion. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991).

To establish ineffective assistance of counsel, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that the petitioner suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption exists that counsel's performance was within a wide range of reasonably professional conduct. *Id.* at 689. Moreover, when no prejudice results from the claimed errors of counsel, the Court need not reach whether the attorney's performance was deficient. *Id.* at 697. A defendant establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As best the Court can tell, Walker faults his counsel for facilitating his guilty plea to the § 924(c) offense when "no evidence" existed to support the conviction. This argument is belied by Walker's under oath admission to having possessed the firearms in connection with his drug activity, in combination with the firearms having been found in the same residence as several controlled substances that were packaged for distribution. ECF No. 57-1 at 37. Walker does not otherwise demonstrate how his counsel's performance fell below an objective standard of reasonableness.

Nor can Walker demonstrate that any prejudice flowed from the claimed error. Indeed, Walker agreed that he possessed firearms during and in relation to his drug trafficking, which triggered a statutory mandatory minimum consecutive sentence of 60 months' imprisonment. Walker also acknowledged the veracity of the underlying conduct and affirmed that he voluntarily wished to admit guilt to all three offenses. *Id*. As a result, Walker has not demonstrated how his attorney's allegedly substandard performance caused him to plead guilty instead of going to trial.[1] Accordingly, the motion is denied.[2]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's order, *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007), and may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Where the Court denies the petitioner's motion on its merits, a

[1] Walker's related allegation that his attorney failed to protect him from "malicious and vindictive prosecution" is wholly unsupported.

[2] Walker separately asks this Court to "pardon" him. ECF No. 69. Only the President of the United States may pardon a defendant. Should Walker wish to pursue such relief, he may obtain an application at https://www.justice.gov/pardon/apply-clemency (last visited Sept 1, 2026).

petitioner satisfies this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Walker does not satisfy this standard. Accordingly, a certificate of appealability will not issue. Walker may seek such a certificate from the Fourth Circuit Court of Appeals.

For the reasons stated in this Memorandum Order, it is this 1st day of September 2026, by the United States District Court for the District of Maryland, ORDERED that:

1. Petitioner Darryl Walker's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 53) is DENIED;
2. The Clerk is directed to TRANSMIT a copy of this Memorandum Order to the Government, MAIL a copy to Petitioner; and
3. CLOSE this case.

9/1/2026
Date

/S/
Paula Xinis
United States District Judge